UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-096ML |
| | ) | |
| MIGUEL PAVAO | ) | |

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Miguel Pavao, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the mandatory minimum sentence is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Pavao requests the Court impose the minimum sentence of 10 years in prison.

Respectfully submitted
Miguel Pavao
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Mary Rogers, Assistant United States Attorney, on March 23, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-096ML |
| | ) | |
| MIGUEL PAVAO | ) | |

---

# MEMORANDUM IN SUPPORT OF SENTENCING

## I. Introduction

Mr. Pavao respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Pavao submits this memorandum in support of his Motion for Sentencing Consideration. Mr. Pavao requests the Court to impose the minimum mandatory sentence in this matter of 10 years incarceration. The proposed sentence adequately addresses society's needs of punishment and deterrence without being longer than necessary.

## II. Procedural Background

Warwick police arrested Mr. Pavao for possession of cocaine and a firearm on September 6, 2006. The Government obtained the indictment herein on September 13, 2006. Mr. Pavao pled guilty to the four counts in the indictment on January 18, 2007. Sentencing is scheduled for March 30, 2007.

## III. Sentencing Considerations

### A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The statute, § 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted

sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence. Despite the guidelines consideration, the sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[3]

---

[1] The statute provides, in pertinent part, that:

"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

[3] Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

B. Personal Background

Mr. Pavao was born in Providence and lived here with his mother, father, and sister until he was five years old. His parents divorced at that point and his mother took him to Tennesee, where Mr. Pavao's grandmother lived. His mother remarried. His stepfather, however, drank heavily and regularly abused Miguel by beating him, locking him in a closet, and shooting him around the yard with a BB gun. His mother left about five years later and moved back to RI. She married Mr. Pavao's father a second time, but this marriage failed again when Miguel was roughly 15 years old. From that time on Mr. Pavao essentially raised himself.

C. Criminal History

While Mr. Pavao has a significant criminal record as an adult based on the number of contacts with the criminal justice system, the Court should notice that he has never faced a sentence of this magnitude. Many of his convictions are misdemeanors, and his 2 felonies resulted in suspended sentences with probation. Nothing in Mr. Pavao's criminal history warrants a sentence above the mandatory minimum.

D. Nature of the Offense

Drug trafficking in conjunction with firearm possession is always a serious crime. Likewise, 10 years in prison is always a severe sentence. Mr. Pavao faces a minimum 10 years in prison for approximately a ½ ounce of crack cocaine, a smaller amount of cocaine powder, and possession of a handgun. Nothing in the facts surrounding this offense indicates that a sentence longer than 10 years would be appropriate.

IV. The Minimally-Sufficient Sentence

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and also provides more than adequate time for Mr. Pavao to receive the necessary rehabilitative services. Any longer sentence will only frustrate the rehabilitative goal and serve to simply warehouse Mr. Pavao at government expense without purpose. As a whole, the facts and circumstances present here warrant the imposition of the mandatory minimum sentence here of 10 years in prison.

V. Conclusion

For all of these reasons, Mr. Pavao asks the Court to impose a sentence of 10 years in prison.

Respectfully submitted
Miguel Pavao
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Mary Rogers, Assistant United States Attorney, on March 23, 2007.

/s/ Kevin J. Fitzgerald