THE UNITED STATES DISTRICT COURT
AS - FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MIGUEL PAVAO | : | |
| Petitioner | : | Docket Number: 1:06CR00096 |
| v. | : | |
| THE UNITED STATES OF AMERICA | : | [Criminal] |
| Respondent | : | THE HON. MARY M. LISI, Chief J. |

**Petition And Motion Under 18 USC § 3582(c) : (2)**
**To Modify Term Of Imprisonment**

COMES NOW, the above cited Petitioner and Movant in the case as docketed in Pro-Se fashion and format as pursuant to the parameters and due considerations inherent to and stemming from the cases; Haines_v._Kerner, 404 US 519, 520 92 S. Ct. 594, 30 L. Ed. 652, Matzker_v._Herr, 748 F. 2d. 1142, 1146 (7th Cir. 1984), and U.S._v._Woods, 169 F. 3d. 1077 (7th Cir. 1999) as well as Antonelli_v._Sheahan, 81 F. 3d. 1422, 1427 (7th Cir. 1996) for Pro-Se Inmate presented approaches and litigation to the court AND MOST RESPECTFULLY FILES, the instant Motion and Petition as pursuant to the terms and conditions of Title 18 U.S.C. § 3582(c) now as directed to THE HONORABLE JUDGE MARY M. LISI, CHIEF JUDGE U.S. DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND, presiding in original form.

**THE HEREIN NOTED PETITIONER**, moves this Court to modify his term of federal imprisonment as pursuant to those Amendments to The United States Sentencing Guidelines (U.S.S.G.) § 1 B1.10(c) and all concurrent or subsequent U.S. Supreme Court ruling(s) pertinent thereto [RE: Kimbrough v. U.S. and Gall v. U.S. as to majorities permitting lesser "crack cocaine" ratio sentencing and as unjustified in character as to "extraordinary circumstances"; respectively as decided December 10, 2007, affirming judicial discretion (s) in "crack cases", etc.] in reference to "crack cocaine" offenses, and or certain 2 Level(s) or more, or other prescribed or potential reductions in sentence term(s) length(s). This Amendment went into effect on Nov. 1, 2007, with subsequent "retroactivity" being granted and affixed thereto on Dec. 11, 2007 as per U.S. Sentencing Commission decree. March 3, 2008 has been determined as the effective date for retroactivity case related filings in this matter. ( See: Drug Quantity Table 201.1(c) )- Pavao so files.

**LIKEWISE**, the force and effect of related mandatory minimum sentences for same, although upheld to date has been called * into serious question, allowing [And as determined by quantities of "crack cocaine" involved] limited and or full judicial discretion as active upon any proposed modification to any "crack cocaine" term of incarceration; including for the herein noted Petitioner and Movant as named, as per the record in the case as captioned is maintained. And as valid for its examination or revisiting through the application of retroactive reconsideration(s), etc.

* Amendment Number 709 Crim. History U.S. Sent. Comm. etc. USSG 4A1.2(a)(2)

**IN SUPPORT OF THIS MOTION**, the herein Petitioner Pavao avers the following data for the Most Honorable Court's examination. The Movant is a 35 year-old, federally incarcerated individual with a family and sickly father, who he wishes to rejoin at any time sooner so as to be capable of assisting him in his handicapped, post-anuerism, paralytic state, was arrested on 9/6/06 and later indicted on 9/13/06. A Four - Count Indictment found Pavao guilty of violations of Titles 21 USC, §§ 841(a)(1) & (b)(1)(B); (b)(1)(C) as well as of Titles 18 USC 922(g) & (c) for Possession W. Int. To Distrib. 5 grams or more of "crack"; Poss. W. Int. To Distrib. Cocaine, and as a Felon In Poss. Of A Firearm[In Furtherance Of A Drug Trafficking Crime] Likewise the Movant Pavao was the subject of Titles 18 and 28 USC [Sections: 924(d) & 2461(c)] respectively. [Via Plea Agreement]

**SENTENCE WAS SET FOR PAVAO** rendering term(s) of 60 months concurrent for Counts I, II and III, and with 60 months consecutive for Count IV, or for the weapon possessed as seen. Additionally and to this mandatory minimum, 5 years of Supervised Release were thereto affixed. Conditions were also applied to this sentence arrangement mandating Mental Health, Anger Management and Substance Abuse Programs and treatment for Pavao himself. These conditions vividly describe the character of what the Movant's life had become and what had realistically precipitated the federal charges he is now serving time for. So much so to merit and exposition of the case as will follow. Data which will no doubt assist the court in rendering its decision on the instant § 3582 Motion itself as based on contents. All as based upon common sense, the law and compassion, humanisticaly.

**HERE**, the Petitioner was seen as arrested in a vehicle which was filled and strewn with an assortment of illegally possessed drugs. From prescription drugs in other individuals names (and the Petitioner's own), to cocaine, crack and marijuana as well as a firearm were encountered by police authorities. The tell-tale signs of a life gone astray and the tools of the trade for a drug addict who had through desperate means and mental fatigue nearly approached the very edge of existance, medicating and risking his person into an almost oblivion. These are the dire personal circumstances that led to the Petitioner's federal charge which now re-appraoches the court.

**UPON HIS ARREST**, 160 grams of marijuana was found together with 19.56 grams of crack cocaine. 12.06 grams of powdered cocaine and crack mix was also identified in this matter in relation to Pavao. Not only drugs, but also a significant quantity of actual hard liquor (Scotch) was seen in the mix. This and a crack pipe with scales with which to weigh the drug bought or sold. These items and their use depicted and identified a person out of control. Some-one now a slave to addiction who in order to purchase his own controll-ed substances had to sell a portion to others. Also a man out of touch with reality who saw the sale of drugs as a way to make money in a contorted yet poignant way, to feed his family and to help a a dwindling and struggling honest business enterprise in the build-ing field and related trades. Twisted, of course. But also the pro-duct of inescapable addiction and the effects that it has over judge-ment and moral practicality. Here the drugs meant everything. Too much in fact. Now sober during federal incarceration, Petitioner

Pavao is not the person, developing monster and entity that he once was. By far, not so today. Proven were the drugs'hold on his life. Proven were the effects of Vicodin and the rest of the sordid drug cocktail which had become the Petitioner's daily, clouded existance.

**PETITIONER PAVAO**, was no stranger to the law or to criminal activity. He is however, not a public safety factor in conjunction even with his possession of the gun associated with his federal offense and the nature of his criminal past. These occurances deserve candid explaining indeed. Moreso for the instant court to perhaps consider additional relief for the "crack cocaine" as was present in the case at Bar.

**AMONG HIS PRIORS**, can be seen a previous drug crime relating to the year 1997 which resulted in a 3-year suspended sentence plus probation. An assault was seen in 1991 and there were featured domestic disputes and assaults which stemmed from Pavao's drug use and the condition or state of his marriage as taken between volatile personalities. These episodes arose from 1999 through 2002,2005 and 2006. DMV and related summary offenses and those misc. scrapes with the law can also be listed. [Source: P.S.I./P.S.R.; Various] As previously alluded to, signs of a life wasted and opportunities missall due to drugs and the life as is associated with them. Blatantly so in fact. The above resulted in a grand total of some 9 points for the calculation of Criminal History Category, plus penalties for reciprocity and infractions while on probation or parole. It was a continuous and deteriorative process for Pavao which led to 12 points in the final analysis, or Category V. No § 851 (21USC) documents were filed with the court for his federal sentencing event, which

greatly emphasized the Government's and the Court's and Your Honor's understanding of Pavao's predicment and dilemma, personally. In essence with these parties underscoring Pavao's drug addicted and out of control persona. The effects of this addiction were horrible and cost Pavao his freedom and certain aspects of his family, but the Court, ultimately construed this to deem a 10 year sentence for Pavao (Mand. Min.) as appropriate; and not the much longer term that he could have received. With a Base Offense Level of (net) 23 points (via plea and for acceptance of responsibility and timely compliance granted) and C.H. 12 Pavao was then exposed to 84 to 105 months in sentence time as based on these scoring parameters, alone. Statutorily he was placed amid Mandatory Minimum fields in time and pled out to just this or 120 months plus 5 years of Supervised Release. (Via § 2D1.1)

**PRESENTLY**, and while comparing the above and the presence of "crack cocaine" in his case; together with the changes in sentence structure for same in the medium of reductions of two levels or more for appropriate individuals, it seem perfectly logical to advocate an re-approach to this Court in this sense, to approach in turn a sentence for Pavao which would strike closer to the original 84 to 105 month range threshold. Hence his approach as fostered in this Motion and with these words. Especially since given that the Government agreed that § 851 terms were not appropriate. [See: P.S.I.; Page 1, Item No. 5(Line7) of 3/2/07] Here; an effective term of 15 months or more could be stricken from Pavao's sentence and provide him with benefit under "crack changes" as noted, etc. (i.e. as subtracted from his now 120 month term) It is neither un-

reasonable or unjust. In fact it is the hopeful correct thing to do as is suggested to Your Honor in consideration.

**PETITIONER PAVAO**, comes from a very troubled background which included a very troubled immediate family. He saw his parents divorce to reunite and to fall apart, again. His Mother attempted suicide during her multiple marriage times and his Mother's second husband was implicated in the sexual abuse of Pavao's own sister. Things like these never leave the impressionable mind of those exposed and the after-effects are multiple as the witnesses and victims relive and suffer the trauma associated with same. Similarly as these people seek outlets to alleviate the pain or frustration. Some people turn to drugs as an escape. Pavao did just this from a very early age. It is no excuse for criminality, yet it serves to logically explain the origins of such behavior. It explains Pavao in very real terms. Data which the court should duly note. Pavao has a criminal record which is rather lengthy compared to the average person, yet he never did significant jail time for any of it. Tell-tale information which reflects the serious, yet not catastrophic character of what he did over time. One-Half Once Of Crack as seen in the case here is a significant amount of drugs which formed the major part of the Petitioner's case. For this reason it deserves attention. Likewise it is a drug known to drive and kill its abusers. Much how Pavao was driven from act to act. It should come as no surprise then. Crack was the master and Pavao was the slave. If not to crack then to something else. It is at the same time, that complicated and that simple.

**THE PETITIONER** has a Ninth Grade Education level. He has three(3) dependants and he is married. His son is disabled with Tourette's Syndrome and this child suffers from dyslexia. Pavao also has two(2) daughters who he loves very much. These girls were once involved in the matter of the removal of an "unfit mother" proceeding due to her own cocaine addiction and abuse. In reality we see an entire family in disarray. Since this time things have improved for Pavao and his loved ones, yet Pavao, the Petitioner can not be at their side(s) nor serve as a support system for the family. Once upon a time, Petitioner Pavao was also in addition to the the drugs of note, addicted to pain medication through his then obligatory usage of legitimate drugs for the pain associated with his various work-related and other, physical injuries and alike. Pavao used cocaine at the age of 12 years old until (and) his arrest. He used LSD, crack, ecstasy and quantities of alcohol over time. He was a wreck. Now he is not. Prison has changed him and he has no disciplinary record in prison, no drug use or anything else for that matter. Petitioner now pursues; a variety of prison programs.

With proper drug counseling and in or out- patient treatment for his person, Pavao could become a productive drug-free citizen once again. Petitioner has some 7 years or more to go in the federal system, and he is earnest about reuniting with his family and working to support them. Any credit rendered to his case and Motion would put him that much closer to making these goals a reality. Pavao is a scarred and troubled person, yes. But never lost forever or unsalvable. Everyone deserves a chance. Petitioner previously owned and operated his own business as a

contractor. This, for some 5 years time. When Petitioner fell off the "proverbial wagon" however, he and his life spiraled downward. Prison can teach him a lesson. This is understood, but supporting his family and dedicating to a working life while receiving proper anti-drug treatment would teach him a much greater one.

**EVEN** the Bureau Of Prisons lists Petitioner (in his security scoring data) for "violence" (a possible public safety factor citation...however incorrect here), yet the B.O.P. at the very same time also shows Pavao as with less than 5yrs and as minor, as well as with a profile, institutionally of NONE as to (3 in scoring) his frequency of intra-prison disciplinary action(s). His B.O.P.-sponsored security points are listed in profile as; "a decrease in same suggested". The B.O.P. deems Pavao as no "public safety threat". Pavao's projected B.O.P. release date is listed as 12/18/2015 and he has some seven(7) years to go in sentence. Perhaps less with the compassion of this court being duly exercised for his case as it featured and was driven by crack. Being a White-American, and non-black offender, Pavao's case also - proves quite succinctly that the evils of crack cocaine can and do touch every aspect of all people in the United States. Individuals who were severely punished on various fronts, now deserving of consideration and understanding. Moreover, Pavao's standing sentence is of a PLRA nature and VCLEAA deficient. Another positive aspect for the court to consider.

**ONLY YOUR HONOR CAN** weigh this data and make a final decision. It is all that Petitioner Pavao asks at this juncture. That he be heard and understood in his sincere approach.

## Historial Of Amendment Number 706

**IT HAS** been long theorized and proven that racial disparity existed regarding the sentencing - phase and its length for the substance; "Crack Cocaine". Here an astounding percentage of nearly 82 out of 100 crack cocaine defendants found guilty are African American in heritage, as determined by studies and tabular results issued from and since the year(s) 1995 through 2006 more recently. Only 14 out of one-hundred defendants studied among the black population possessed, used and were adjudicated for powder cocaine alone. The United States Sentencing Commission in later years addressed this skewing in ratios of offenders and found that remedy was indeed warranted to equilibrate the problem.

**ON MAY 1ST OF 2007**, said Sentencing Commission proposed an Amendment to the U.S. Sentencing Guidelines already in place and practice (Number 706) in order to reduce sentencing ranges for crack cocaine offenses in general. This Amendment went into effect on Nov. 1 , 2007. Later with much desired and fair retroactivity being assigned for same for cases beyond Direct Appeal granted on Dec. 11, 2007.

**HERE**, all defendants effected to include the herein Petitioner with an also "crack" related, mix-drug case; Miguel Pavao, have been specifically permitted to re-approach the Court seeking new and lower sentence ranges, as encountered via Amendments found in § 1 B1.10(c) of the U.S.S. Guidelines. Potential through judicial

discretion in reference to "crack" could render sentence reductions of between 16-27 months or more for those offenders applying. This, to include, as has been to this point observed, those with mandatory minimums and other "labeled" case parameters noted, with such to include Mr. Pavao. Here, the disparity of the presence of "crack" being to an extent, remedied. [U.S. Sent. Comm. Hon. R.H. Hinojosa, Ch.]

**ONLY THE** original Sentencing Judge and Court can fully assess and determine the character and nature, if any of any potential benefit in sentence reduction as based on all facts relevant to the case filed and the individual defendant and Movant, personally. Worthiness is expected to be demonstrated to the examining court while also complying with eligibility requirements for the modifications themselves possible. All as via § 1B1.10(c), and the to be revised 100-1 ratio between "crack" and powdered cocaine, etc. This, and all Supreme Court dictates following the mandate cited. These points are highlighted in the May 11, 2007 U.S.S.G. Report as well as in previous studies dating from Feb. of 1995, and panels as procedent for decision from the U.S. Judicial Conference itself.

**THIS Title 18 U.S.C. § 3582(c) MOTION** is filed toward these same ends and in the interest of receiving a modified, downward sentence for the Petitioner as based upon the presence of "crack" in his original, mixed-drug case; thereby seeking less than his present **10 year mandatory minimum sentence ordered.** This would include relief as per additional departures which may be realized, or were and would be further modified, and as taken upon the new Guidelines in effect, while also being referred suggestions from

The Defenders' Association endorsement(s) and "Sands" Letter recomendation(s). [As In Letter From Jon M. Sands To The Hon. R. Hinojosa; 7 (Nov. 1, 2007) i.e. "The Sands Letter" at Page 8] The Petitioner respectfully requests relief at the sound discretion of THIS COURT for a reduction in term of his federal imprisonment as may be appropriate for him as a qualified defendant and now applicant. It is undisputed that the Movant is or could be eligible at some future time for review and modification in this matter, as it pertains to "crack cocaine" sentence adjudication(s).

**BASED UPON THIS FRAMEWORK**, and supplied data as to the instant Petitioner to be entertained, the Movant respectfully submits that This Honorable Court should **VACATE** his sentence and resentence him to remedy the previously prejudicial and exaggerated "crack cocaine", Base-Level increasing standards.

**AS A GENERAL RULE**, in re-sentencing a defendant via the use of Title 18 U.S.C. 3582(c) Motions and or Petitions; the Sentencing Court itself must apply the U.S.S. Guidelines in effect at the time of sentencing event. [18 U.S.C. § 3553(a)(4) ; § 1B1.11(a) of 1993] [ See Also: U.S. v. Menon, 24 F. 3d. 530, 566 (U.S. 3rd Circuit Ct. 1994) and U.S. v. Kopp, 951 F. 2d. 521, 526 (U.S. 3rd Circuit Ct. 1991) ] ( i.e. 18 USC 3582(c)(2))

**HERETOFOR** with the above parameters defined by US v. Booker, 125 S. Ct. 738, 2005 WL 50108 (1/12/05); US v. Ameline, ___F3d.___ WL ___U.S. App. Lexis 2032 (9th Cir. Feb. 9, 2005) and US v. Myers, 2005 WL 165314 (S.D. Iowa 2005) as well as by 18 U.S.C. §§ 3553(a) (1); 3555(a) and 3661; case law and practice dictate that a variety of

diverse factors must be considered in the fasioning of sentence or in this instant matter, re-sentence(ing); thereby making said term of federal incarceration in line with each given crime adjudicated. By virtue of the enclosed and attached, complimentary to "crack reductions" data as has been fielded herein by referral, the Petitioner also had made a genuine and verifiable effort for judicial economy and other goals, to outline his merit for re-examination and modification potentials in his case. This data has included and specified [the Petitioner's] nature and circumstances of the offense to be reviewed, its history, and the history and characteristics of the Movant himself. Stress has been placed upon the need for re-sentencing, to represent and reflect the seriousness of the offense now presented. With the goal of also promoting and perpetuating respect for the law and rule of law, the herein is a Pro-Se attempt to auto-impose just punishment for the offense as to be judge presented, thereby also adequately determining the criminal conduct which was or is present in real terms. Always mindful of protecting the public through this Motion, the defendant notes that any reduction in time received in this sense would further allow and motivate the Petitioner to pursue, receive and obtain greater economic, educational and or vocational as well as inter-personal and familial benefit and experience, legally as well as other now precluded possibilities as integrated into lawful society in the most effective and immediate manner possible without negative result. While no restitution to any victim is herein specified, any reduction in sentence service time received would also fully represent the net, true and effective debt to society that the Movant owes due to

his past criminal conduct in relations to drugs, specifically ;; in regards to "crack". All while weighing those reasonable and mitigating factors present, auxillary to Amendment No. 706 contents. Not only erasing disparity as it might exist, but also while constructing a truly just and fair sentence for the subscribed individual himself in pensative form. This, via judicial discretion or the preservation of the Movant's issues for future consideration and possible benefit in whatever form that this might take. Thusly, with potential Crim. Hist. based sentence re-consideration via USSG § 4A1.2(a)(2).

## Conclusion

**FOR THE FOREGOING REASONS**, and good cause; individually, the herein Petitioner and Movant as noted respectfully urges This Most Honorable Court and His Honor to **VACATE** his sentence and to re-sentence him according to the information provided here, and as per the existing record in the case as captioned. This, for benefit of the Amendment 1 B1.10(c) and to the effect and extent of departures available.*

Dated: 3/24, 2008

And as pursuant to Title 28 USC § 1746 as to contents

Respectfully Submitted,

Miguel Pavao

Miguel Pavao, Pro-Se
REG# 05785-070
FCI Schuylkill
POB 759
Minersville, Pa. 17954

* i.e. being the difference in the Guideline Range, for and toward the bottom of the newly calculated Guideline Range if granted as relief, etc. and as requested as remedy by the Petitioner so noted.

## Certificate Of Service

I, **MIGUEL PAVAO, Pro-Se Herein**, the Petitioner and Movant for re-sentencing via "Motion/Petition Under Title 18 USC § 3582(c) For Modification Of term Of Imprisonment" for "crack cocaine offenses" HEREBY SWEAR TO AND AFFIRM that I have sent a true and correct copy of the foregoing Motion/Petition to the below noted parties; postage pre-paid, via U.S. First-Class Mail and as pursuant to Title 28 USC § 1746 parameters :

IN RETROACTIVE PERMISSIBLE FORM:

Clerk Of Court
U.S. District Court For
The District Of Rhode Island
ONE EXCHANGE TERRACE
Providence, RI 02903

AUSA Mary E. Rogers, Esq.
US ATTYS OFC FOR
THE DISTRICT OF RI
50 Kennedy Plaza, 8th Flr.
Providence, RI 02903

Respectfully Submitted,

Miguel Pavao [signature]

Dated: 3/24, 2008

Miguel Pavao, Pro-Se
REG# 05785-070
FCI Schuylkill POB 759
Minersville, Pa. 17954