IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-096ML |
| | ) | |
| MIGUEL PAVAO | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**
**PURSUANT TO 18 U.S.C. §3582(c)(2)**

## I. TRAVEL OF THE CASE

The Defendant was arrested on September 6, 2006 and indicted on September 13, 2006, on four counts that charged him with possession of cocaine and cocaine base (crack cocaine) with the intent to distribute, possessing a firearm in furtherance of a drug trafficking crime and possessing a firearm after having been convicted of a felony. On December 18, 2006, the facts of this case were presented to the Court during a motion to suppress, which the Court denied. The Defendant pled guilty on January 19, 2007 and was sentenced on March 30, 2007, on Counts One through three to the statutory mandatory minimum of sixty months concurrently, and as to Count four, the statutory mandatory minimum of sixty months consecutive.

## II. FACTS

At approximately 1 a.m. on September 6, 2006, Warwick Police Sgt. Rathbun, in a police cruiser, was monitoring traffic on West Shore Road when he noticed that a vehicle, driven by the defendant, had a flat left front tire. Sgt. Rathbun activated the police cruiser's lights and traveling at speeds up to 50 miles an hour was initially unable to pull the Defendant

over. Rathbun turned on the police siren and the defendant's vehicle swerved over into the oncoming lane and made an abrupt U-turn, pulling into the Defendant's yard. The Defendant got out of his car and began walking towards the building. The officer suspected that the Defendant was under the influence of either drugs or alcohol and told the Defendant to return to his car. The Sgt. had to repeat the command twice before the Defendant complied. The Defendant was extremely nervous; visibly shaking. During the Terry frisk, Rathbun retrieved a fully loaded firearm with a round in the chamber. A search of the Defendant's vehicle revealed approximately 160 grams of marijuana, along with 14.56 grams of crack cocaine and 12.06 grams of a mixture of both powder and crack cocaine inside a prescription bottle. A make shift crack pipe was located, as well as two digital scales. Also located were various prescription medication bottles in other people's names, a bottle of Dewar's scotch, and prescription bottles in Miguel Pavao's name.

## III. ARGUMENT

The guideline range for sentencing as calculated the United States Sentencing Guidelines (U.S.S.G.) was 57 to 71 months, given the Defendant's Criminal History Category of III. However, due to the statutory mandatory minimum in Count One, the restricted range was 60 to 71 months and on Count Four the statute mandated that the mandatory minimum sentence of 60 months be imposed consecutively. Therefore, the U.S.S.G. range on counts One through Three was 60 to 71 months and the statute required that the 60 months on Count Four be imposed consecutively. Thus, a mandatory minimum sentence of 120 months resulted. Although the Defendant was eligible for a sentencing enhancement information pursuant to 21 U.S.C. §851, the government did not file one. If it had, the Defendant would have faced a statutory

mandatory minimum sentence of 180 months or 15 years.

A. The Defendant Is Not Eligible For A Reduced Sentence Because the Amendment Did Not Reduce His Guideline Range

The Defendant seeks a reduction in his sentence based on U.S.S.G. §1B1.10(c) and Kimbrough v. United States, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and Gall v. United States, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Amendment 706 to the United States Sentencing Commission Guidelines reduced the base offense level listed on the drug quantity table set forth at U.S.S.G. § 2D1.1(c) for most cocaine base (crack) offenses. The Defendant is not eligible for a reduced sentence because his guideline imprisonment range was set by the statutory minimum penalty, which has not been changed.

Once a term of imprisonment has been imposed, the Court may not modify it except in very limited, specified circumstances. *See* 18 U.S.C. § 3582(c); Fed.R.Crim.P. 35. The circumstance at issue here arises under 18 U.S.C. § 3582(c)(2), which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The principal policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10(c), which lists the guideline amendments which may be applied retroactively pursuant

to Section 3582(c)[1] and sets forth how such amendments are to be implemented in a concluded case.[2]

Amendment 706 became effective November 1, 2007.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Amendment 706 generally reduced by two the offense levels applicable to crack cocaine offenses. The Commission determined that the two level reduction would ameliorate the problems it ascribes to the 100:1 ratio between quantities of cocaine and crack giving rise to statutory mandatory minimum penalties, while still respecting those statutory penalties by assigning base offense levels that correspond to guideline imprisonment ranges that include the

---

[1] The amendments that apply retroactively also are spelled out in Appendix C to the Sentencing Guidelines.

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g., United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997), *cert. denied*, 525 U.S. 953 (1998). *See also, e.g., United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993).

[3] Amendment 711, also effective November 1, 2007, made technical and conforming amendments to Amendment 706, and likewise was made retroactive (effective March 3, 2008).

statutory minimum imprisonment term. *See* U.S.S.G., Supplement to App. C, Amend. 706.[4] Before Amendment 706, base offense levels listed at U.S.S.G. § 2D1.1(c) for statutory threshold crack quantities called for guideline imprisonment ranges beginning just above the mandatory minimum term of imprisonment, assuming a criminal history category of I and no downward adjustments in reaching the total offense level. For example, 21 U.S.C. § 841(b)(1)(B) prescribes a statutory mandatory minimum sentence of five years imprisonment for distributing five or more grams of crack cocaine. Before the amendment, the corresponding base offense level was 26, which yielded a guideline imprisonment range of 63 - 78 months at criminal history category I. The revised guideline sets the corresponding base offense level at 24 and the imprisonment range at 51 - 63 months.

Also on December 11, 2007, the Commission issued a revised version of U.S.S.G. § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10, which became effective on March 3, 2008, provides:

> (a) Authority. —
> (1) In General.— In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> (2) Exclusions.—A reduction in the defendant's term of

---

[4] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

> imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment.—
> (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
> (2) Limitations and Prohibition on Extent of Reduction.—
> (A) In General.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).
> (B) Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction
> comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
> (C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

By their express terms, both 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 permit

reduction of a Defendant's sentence only if the Defendant's guideline imprisonment range has been lowered by a subsequent guidelines amendment. That condition precedent is not met where, as here, the Defendant's guideline imprisonment range was not derived from the drug quantity table that was amended, but from the applicable statutory minimum, which remains unchanged.

The defendant was held accountable for 14.56 grams of cocaine base or crack cocaine, subjecting him to the statutory mandatory minimum term of imprisonment prescribed by 21 U.S.C. § 841(b)(1)(B). That statutory minimum term of imprisonment was greater than the guideline imprisonment range that would otherwise have applied, so it was the Defendant's guideline sentence, pursuant to U.S.S.G. § 5G1.1(b). *See, e.g., United States v. Richardson*, — F.3d —, 2008 WL 398969 *8 (2nd Cir. Feb. 15, 2008). Section 5G1.1(b) provides that:

> Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

The statutory minimum "subsumes and displaces the otherwise applicable guideline range." *United States v. Cordero*, 313 F.3d 161, 166 (3rd Cir. 2002), *cert. denied*, 538 U.S. 990 (2003).

The statutory minimum term of imprisonment remains the benchmark and reference point for the Defendant's sentence today. That statutory minimum has not been changed since the Defendant was originally sentenced. The amendment of the offense levels applicable to crimes involving crack thus does not change the guideline range applicable to the Defendant. If the Court determined the guideline range "that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced," as instructed by U.S.S.G. § 1B1.10, the Defendant's sentence would be unchanged.

The Defendant's guideline sentence still is determined by the statutory minimum term of imprisonment, per U.S.S.G. § 5G1.1(b), not by reference to the drug quantity table. Because the amendment to the drug quantity table did not lower the Defendant's guideline sentence, he is not eligible for a reduction. *See United States v. Mueller*, 27 F.3d 494 (10th Cir. 1994). *See also United States v. Young*, 247 F.3d 1247, 1254 (D.C. Cir. 2001)(Section 3582(c) did not authorize a sentencing reduction when Defendant's offense level was calculated in a way unaffected by the guideline amendment); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996)(no reduction where amendment did. not affect Defendant's guideline range).

In *Mueller*, the Defendant pled guilty to distributing more than one gram of LSD, and thus was subject to a statutory minimum term of imprisonment of 60 months. 27 F.3d at 495. The government moved for a downward departure under U.S.S.G. § 5K1.1 and then under Fed.R.Crim.P. 35, and the defendant was sentenced to be imprisoned for 39 months. *Id.* When the guideline for determining the weight of LSD was changed, the defendant sought a reduced sentence based on the new guideline. *Id.* The Court of Appeals affirmed the district court's conclusion that the defendant was not entitled to a reduction because he had been subject to the mandatory minimum sentence at the time of his sentencing, so his guideline sentence still would have been 60 months, not the 18 - 24 month range to which the otherwise applicable LSD guideline imprisonment term had bee reduced. *Id.* at 495-97.

The Defendant is simply not one "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as is required by 18 U.S.C. § 3582(c) to be eligible for a reduction. As U.S.S.G. § 1B1.10(a)(2) spells out, since Amendment 706 did not have the effect of lowering the

Defendant's guideline sentence, a reduction is not authorized.

B. The Defendant Is Not Eligible For Further Reduction Unrelated to Substantial Assistance

As set forth above, 18 U.S.C. § 3553(e) permits a downward departure from a statutory minimum sentence, upon motion of the United States, "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." The Court of Appeals for the Second Circuit recently spelled out that "any reduction may be based only on substantial assistance to the government and on no other mitigating considerations." *United States v. Richardson*, — F.3d —, 2008 WL 398969 *8 (2nd Cir. Feb. 15, 2008). *See also, e.g., United v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007)("Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations."); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003)(in departing under § 3553(e), the court "may not . . . consider factors unrelated to the defendant's assistance.")(collecting cases). The amendment of guideline base offense levels for crack offenses obviously is unrelated to the Defendant's substantial assistance, and thus may not be the basis for reducing the defendant's sentence.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for a reduced sentence must be denied.

Respectfully submitted,
UNITED STATES OF AMERICA,
By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 28th day of April, 2008, I caused the Government's Response to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) to be mailed, postage prepaid to:

Miguel Pavao, Pro-Se
Registration # 05785-070
FCI Schuylkill POB 759
Minersville, PA 17954

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov